UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CRAIG L. MCCORD,<br><br>Plaintiff,<br><br>v.<br><br>MRS. JOHNSON, CO OARR,<br>DWAYNE CAMPBELL, and<br>RONNIE PRINCE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 4:26-CV-28-TAV-MJD |

**MEMORANDUM OPINION**

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction, filed a motion seeking to proceed *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 [*See* Docs. 1, 2]. Finding that the motion was not properly supported, the Court entered an Order on June 18, 2026, providing Plaintiff 30 days within which to submit a certified copy of his inmate trust account for the previous 6-month period [Doc. 5]. Plaintiff subsequently sought and was granted a 30-day extension of time within which to comply with the Order [Docs. 6, 8]. With the granted extension, Plaintiff's documents were due by August 14, 2026 [Doc. 8]. That deadline has now passed, and Plaintiff has not complied with the Court's Order or further communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008)

("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with, or even respond to, the Court's Order, despite having been granted an extension of time and twice mailed the necessary forms [Docs. 5, 8]. And the Court expressly warned Plaintiff that failure to timely submit a certified copy of his inmate trust account would result in the assessment of fees and dismissal of this action [Doc. 5, p. 2; Doc. 8, p. 2]. Given Plaintiff's purported indigency [*see* Doc. 2] and his failure to comply with the Court's clear instructions, alternative sanctions are not warranted. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson

can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**. The Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and the accompanying Order to the Court's financial deputy and Plaintiff's custodian. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

An appropriate judgment order will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).